# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

### No. 00-10117
### Summary Calendar

**HATTIE WAYNE,**

**Plaintiff-Appellant,**

**vs.**

**DALLAS MORNING NEWS; AH BELO CORPORATION;
CHUCK GERARDI, as an individual; BRENDA CURETON-SMITH,
as an individual**

**Defendants-Appellees.**

**Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
District Court 3:98-CV-711-L**

July 5, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this employment discrimination case, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* and 42 U.S.C. 1981, plaintiff-appellant Hattie Wayne ("Wayne"), challenges the district court's approval of a sanction of $2,500.00 in attorneys' fees pursuant to 28 U.S.C. § 1927. She does not contest the dismissal of the lawsuit. Having carefully reviewed the briefs and record, this court finds no abuse of discretion.

## BACKGROUND

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Wayne is a retail advertising sales representative of the Dallas Morning News ("DMN"), eligible to receive a bonus in addition to her yearly salary. Bonuses are awarded based on the amount of advertising dollars spent by businesses advertising in the newspaper. In her complaint, Wayne alleged that DMN and Belo ("Defendants") did not assign her to handle the newspaper's "high dollar" advertising accounts due to her race, and therefore she did not realize the bonus income enjoyed by her white peers. Wayne also alleged discrimination in promotional opportunities and salary.

On August 13, 1999, Wayne filed motions for contempt against DMN, Belo, and non-party Ellen Wilson, as well as a motion for a Rule 37(c) sanctions against DMN and Belo, alleging discovery violations. During the hearing before Magistrate Judge Jane Boyle, Wayne's attorney withdrew her motion for contempt against Wilson. The magistrate judge denied all of Wayne's motions and granted, in part, Defendants' motions for sanctions under 28 U.S.C. § 1927. Judge Boyle held: (i) Wayne's attorney willfully failed to confer with Defendants' counsel prior to filing her several Motions for Contempt in violation of Local Rule 7.1; (ii) Defendants DMN, Belo and non-party Wilson did not violate any court order or engage in bad faith conduct which would warrant the imposition of sanctions or contempt; and (iii) Defendants were entitled to $2,500.00 in attorney's fees incurred in responding to plaintiff's motions for contempt. The district court subsequently entered summary judgment against Wayne on all of her claims of race discrimination, retaliation, intentional infliction of emotional distress, and conspiracy under 42 U.S.C. § 1985(3), and awarded costs to Defendants. The district court affirmed, with modification, Judge Boyle's order, upholding the sanctions imposed by the magistrate judge on all but one ground. Wayne refused to pay the $2,500 in attorneys' fees, and consequently Judge Lindsay issued a second order clarifying Defendants' entitlement to the sanctions award.

In Wayne's Notice of Appeal, she appealed the two orders relating to the Defendants' Motions for Sanctions. Thus, the principal issue before this court is whether Judge Lindsay abused

his discretion in ordering Wayne and her attorney to pay $2,500 in attorneys' fees under 28 U.S.C. § 1927.

## STANDARD OF REVIEW

This court reviews the district court's imposition of sanctions on plaintiff pursuant to 28 U.S.C. § 1927 for abuse of discretion. Matta v. May, 118 F.3d 410 (5th Cir. 1997), *citing* Chaves v. M/V Medina Star, 47 F.3d 153, 156 (5th Cir. 1995). A court abuses its discretion in imposing sanctions when a ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Id.* at 156.

## DISCUSSION

Preliminarily, Wayne has failed to preserve error on several issues that she raises in her brief. Absent extenuating circumstances, such as where "injustice might otherwise result," a federal appellate court will not consider issues not raised to a district court. Singleton v. Wulff, 428 U.S. 106, 121 (1976) cited by Payne v. McLemore's Wholesale & Retail Stores, 654 F.2d 1130, 1146 (5th Cir. 1981). No extenuating circumstances have been suggested here. Wayne's argument that the district court cannot order her to pay attorneys' fees pursuant to 28 U.S.C. § 1927, because that section applies only to attorneys, was never raised in the trial court. In any event, § 1927 is not violated, as Judge Boyle's order also states that "Plaintiff and/or Plaintiff's counsel shall pay Defendants' attorneys' fees incurred in responding to Plaintiff's Motion for Contempt." The district court affirmed this award without altering this language.

Additionally, Wayne newly focuses on the distinction between criminal and civil contempt, attempting to characterize her motion for contempt as one of criminal contempt. Yet, throughout her original motion for contempt, she relied on Chambers v. Nasco, Inc., 501 U.S. 32 (1991), a civil contempt case. On the merits, the contempt power should be invoked only where a specific aspect of an order has been violated. Lelsz v. Kavanaugh, 673 F.Supp. 828 (N.D.Tex. 1987). Since Defendants did not violate any order, however, no reasonable basis existed for Plaintiff's

3

motion for contempt. Finally, as Wayne withdrew her motion for contempt against non-party Wilson, she is barred from reinstating her motion on appeal.

When Wayne's appeal is shorn to the only preserved issue, she provides no reasoning why the award of attorneys' fees to the appellees constituted an abuse of discretion. Wayne's objections were rejected by both the magistrate and district judges, and she presents no new arguments. Thus, § 1927 sanctions have been properly awarded against Wayne and Wayne's attorney since the courts found and there is no legal basis for her contempt motions.

## CONCLUSION

Wayne has failed to preserve error on several issues she raises on appeal, she alternatively loses on the merits of those issues, and she has not persuaded us that the district court abused its discretion in the sanctions award. The district court's order of attorney's fees sanctions against Wayne and her attorney is **AFFIRMED.**